CONNECTICUT RESOURCES RECOVERY AUTHORITY *v.*
REFUSE GARDENS, INC., ET AL.
(14886)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

Argued May 4—decision released May 31, 1994

*George A. Dagon, Jr.*, with whom, on the brief, was
*Richard R. Steinmetz*, for the appellant (plaintiff).

*Dan E. LaBelle* for the appellees (defendants).

*Richard Blumenthal*, attorney general, and *Robert
B. Teitelman*, assistant attorney general, filed a brief
for the commissioner of environmental protection as
amicus curiae.

PER CURIAM. The sole issue in this environmental
case is whether General Statutes § 22a-452 (a)[1] imposes

---

[1] General Statutes § 22a-452 provides in relevant part: "REIMBURSEMENT
FOR CONTAINMENT OR REMOVAL COSTS. LIABILITY FOR CERTAIN ACTS OR
OMISSIONS. (a) Any person, firm, corporation or municipality which con-
tains or removes or otherwise mitigates the effects of oil or petroleum or
chemical liquids or solid, liquid or gaseous products or hazardous wastes
resulting from any discharge, spillage, uncontrolled loss, seepage or filtration
of such substance or material or waste shall be entitled to reimbursement
from any person, firm or corporation for the reasonable costs expended
for such containment, removal, or mitigation, if such oil or petroleum or
chemical liquids or solid, liquid or gaseous products or hazardous wastes
pollution or contamination or other emergency resulted from the negligence
or other actions of such person, firm or corporation. When such pollution
or contamination or emergency results from the joint negligence or other

strict liability upon a prior landowner for a subsequent landowner's costs of cleaning up a contaminated landfill. The plaintiff, the Connecticut Resources Recovery Authority, brought an action to recover for the costs of cleanup of real property previously owned by the defendants, Refuse Gardens, Inc., and its officers, directors and shareholders. The plaintiff filed an application for a prejudgment remedy pursuant to General Statutes § 52-278a et seq. on count four of its complaint, in which it sought reimbursement from the defendants under § 22a-452 (a). The trial court, after a hearing,[2] denied the plaintiff's application and the plaintiff appealed to the Appellate Court pursuant to General Statutes § 52-278l.[3] We transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the ruling of the trial court.

The issue that divides the parties is the meaning of the phrase in § 22a-452 (a) that permits a private per-

actions of two or more persons, firms or corporations, each shall be liable to the others for a pro rata share of the costs of containing, and removing or otherwise mitigating the effects of the same and for all damage caused thereby.''

[2] General Statutes § 52-278d provides in relevant part: "HEARING ON PREJUDGMENT REMEDY APPLICATION. DETERMINATION BY THE COURT. SERVICE OF PROCESS. (a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court unless the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j." This statute was amended effective January 1, 1994, by Public Acts 1993, No. 93-431, §§ 2, 10.

[3] General Statutes § 52-278l provides in relevant part: "APPEAL. (a) An order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g shall be deemed a final judgment for purposes of appeal."

son, firm, corporation or municipality to seek reimbursement from "any person, firm or corporation" for the costs of environmental restoration for pollution resulting "from the *negligence or other actions* of such person, firm or corporation." (Emphasis added.) By contrast, General Statutes § 22a-451 (a)[4] permits the commissioner of environmental protection to recover the costs of environmental restoration from "[a]ny person, firm or corporation which *directly or indirectly causes* pollution and contamination of any land or waters of the state . . . ." (Emphasis added.) The latter section permits the recovery of enhanced damages if a defendant's conduct was negligent or wilful. Both sections derive from No. 765 of the 1969 Public Acts.

---

[4] General Statutes § 22a-451 provides in relevant part: "LIABILITY FOR POLLUTION, CONTAMINATION OR EMERGENCY. EMERGENCY SPILL RESPONSE FUND. (a) Any person, firm or corporation which directly or indirectly causes pollution and contamination of any land or waters of the state or causes an emergency through the discharge, spillage, uncontrolled loss, seepage or filtration of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes or which owns any hazardous wastes deemed by the commissioner to be a potential threat to human health or the environment and removed by the commissioner shall be liable for all costs and expenses incurred in investigating, containing, removing, monitoring or mitigating such pollution and contamination, emergency or hazardous waste, and legal expenses and court costs incurred in such recovery, provided, if such pollution or contamination or emergency was negligently caused, such person, firm or corporation may, at the discretion of the court, be liable for damages equal to one and one-half times the cost and expenses incurred and provided further if such pollution or contamination or emergency was wilfully caused, such person, firm or corporation may, at the discretion of the court, be liable for damages equal to two times the cost and expenses incurred. The costs and expenses of investigating, containing, removing, monitoring or mitigating such pollution, contamination, emergency or hazardous waste shall include, but not be limited to, the administrative cost of such action calculated at ten per cent of the actual cost plus the interest on the actual cost at a rate of ten per cent per year from the date such costs and expenses were paid. The costs of recovering any legal expenses and court costs shall be calculated at five per cent of the actual costs, plus interest at a rate of ten per cent per year from the date such costs were paid. Upon request of the commissioner, the attorney general shall bring a civil action to recover all such costs and expenses."

The trial court concluded that the legislature intended § 22a-452 (a) to require a showing of culpability and not merely causation. Because the plaintiff had not alleged such culpability on the part of the defendants, the court denied the plaintiff's application for a prejudgment remedy. *Connecticut Resources Recovery Authority* v. *Refuse Gardens, Inc.*, 43 Conn. Sup. 83, 642 A.2d 762 (1994).

The plaintiff urges us to overturn the trial court's decision and to direct the granting of a prejudgment remedy. Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us, however, that the decision of the trial court should be affirmed. The trial court carefully examined the language and the history of § 22a-452 (a) in light of the plaintiff's pleadings in this case. The trial court's thoughtful and comprehensive memorandum of decision fully states and meets the arguments raised by the parties on this appeal.[5] Accordingly, we adopt the trial court's well reasoned decision as a correct statement of the facts and the applicable law on the contested issue. It would serve no useful purpose for us to repeat

[5] The amicus urges us to construe General Statutes § 22a-452 (a) to sustain the plaintiff's cause of action in light of the desirability of encouraging private parties to clean up environmental problems on their own. The amicus notes that private initiatives are especially important to assist the commissioner of environmental protection in times of strained personnel and financial resources. This argument might well persuade the legislature to broaden the scope of § 22a-452 (a), but it does not enable us to rewrite the text of the statute. Without clear statutory guidance, we cannot presume that the legislature intended to impose strict liability on former landowners. Even the imposition of liability for negligence on former landowners is a substantial deviation from the common law rule of caveat emptor. The common law rule continues to have vitality even though it has given way to liability for negligence in special cases such as those involving the defective construction of buildings or their appurtenances by builder-vendors of real property. *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 375, 441 A.2d 620 (1982); *Scribner* v. *O'Brien, Inc.*, 169 Conn. 389, 400, 363 A.2d 160 (1975); see generally 2 Restatement (Second), Torts §§ 352 and 372 (1965); W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 64, pp. 446–48.

the discussion therein contained. See *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor,* 225 Conn. 99, 101–102, 622 A.2d 518 (1993); *Loeb* v. *Al-Mor Corp.,* 224 Conn. 6, 7, 615 A.2d 149 (1992).

The denial of the plaintiff's application for a prejudgment remedy on count four of its complaint is affirmed.