[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiff seeks to recover the environmental clean up costs arising out of ground on discovered in the rear of his property. He alleges that the defendants Interstate Steel Erectors and Summit Crane, who collectively occupied the plaintiffs property from 1985-1989, improperly discharged oil used for maintenance and repair of the defendants' vehicles, causing contamination of a so-called swale area in the CT Page 5057 northeast corner of the property. While the complaint sought recovery pursuant to General Statutes § 22a-452 (a) and pursuant to the terms of a written rental agreement, counts two, four and five, alleging breach of the lease, have been stricken. Accordingly only counts one and three, alleging violation of § 22a-452, are before the court.
The central issue in this case is whether under § 22a-452(a) the contamination "resulted from the negligence or other actions" of the defendants, and if so, whether the cleanup costs incurred by the plaintiff are reasonable.
The following facts were established at trial. The plaintiff was the owner of the property located at 210 Main Street, Terryville, from June, 1987 to August, 1989. The Defendant Interstate Steel Erectors, Inc. occupied the property from June 1, 1985 to May 31, 1988. The defendant Summit Crane, Inc. occupied the property from June 1, 1988 through August, 1989 when the plaintiff sold the property.
Both defendants conducted a crane business utilizing heavy equipment and machinery. As part of their business, and in order to maintain and service their equipment the defendants repaired and degreased the engines and equipment; changed the engine oil; and spray painted and assembled cranes. Some, if not all, of these operations, required the use of petroleum products, principally oil. The defendants used or stored on the site 55-gallon drums of degreaser, hydraulic oil, engine oil, and miscellaneous 5 gallon oil pails.
The evidence also demonstrates that there was visual evidence of oil discharge on the property, including puddles of oil, staining on the soil, oily material clogging the floor drains in the building area where mechanical work was performed, and upon excavation of the subject area, contamination five feet below the surface.
The focus of the parties' attention is a swale area located in the northeast portion of the plaintiff's property. Visual inspection revealed the presence of an oil-like substance in this area. Field tests disclosed the presence of compounds in the soil five feet below the surface consistent with oil. Although tests were taken at five locations in the swale area, only one yielded a positive result for contamination. The plaintiff also presented evidence of a 1986 spill report and aerial photographs CT Page 5058 which he claims are indicative of an oil discharge in this area. The evidential force of the photograph and report, however, is minimal in light of the ambiguities pointed out by the defendants. What is significant, however, is the defendants' undocumented claim that it removed all petroleum waste products from the property. The defendants' president acknowledged the presence and use of oil on the premises but was unable to provide the name of the haulage company or provide any documentation confirming the removal of the petroleum based waste products.
With respect to the cleanup itself, the plaintiff was charged, and paid, $44,297 to Carpenter Construction to remove the contamination. Carpenter performed a so-called Phase II cleanup, involving testing, extensive soil removal, cleanup and refill of the contaminated area. The testimony of the defendants' expert indicates that Carpenter's cleanup was more extensive and costly than reasonably required to remediate the site.
General Statutes § 22a-452(a) provides in pertinent part:
 Any person . . . which contains or removes or otherwise mitigates the effects of oil or petroleum . . resulting from any discharge, spillage, uncontrolled loss, see page or filtration of such substance . . . shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended . . . if such oil or petroleum resulted from the negligence or other actions of such person, firm or corporation. (Emphasis supplied)
In Connecticut Resources Recovery Authority v. RefuseGardens, Inc., 43 Conn. Sup. 83 (1994), aff'd 229 Conn. 455
(1994), the court ruled that liability under § 22a-452(a) must "be based on culpability and not merely causation." § 22a-452(a), in short, does not impose liability without fault. The question raised in this case is whether plaintiff's evidence is sufficient to demonstrate defendant's culpability. While it is a close question, the evidence presented by the plaintiff, and the reasonable inferences to be drawn from it, establishes defendant's negligence.
The defendants, whose president and owner is the same CT Page 5059 person, occupied plaintiffs property for a continuous five year period. While on the property they regularly used oil products in the conduct of their business. Visual inspection of the property reveals the presence of such products. The presence of oil in the drain area in the garage and around the perimeter of it, as reflected in the plaintiff's photographs, is suggestive of a carelessness in the handling and disposal, generally, of the oil. More directly, evidence of such oil, although disputed by the defendant, was found five feet below the surface in the swale area. Finally, despite the claim of the defendants' president that the oil was removed, the president neither remembered the name of the hauler nor produced documentation of such removal. While § 22a-452(a) prohibits the imposition of liability without fault, liability may be imposed if it is more likely than not that the oil in the swale area was the result of the defendants' culpability. The plaintiff has sustained his burden on this issue.
The last issue is the reasonableness of the plaintiff's cleanup costs. Based on the testimony of plaintiff's and defendants' experts, plaintiff is entitled to recover the reasonable costs of the cleanup in the amount of $16,500 together with costs and reasonable attorney's fees. Plaintiff's award is reduced substantially because of the additional and unnecessary work performed by the contractor.
Judgment for the plaintiff on counts one and three in the amount of $16,500, plus reasonable attorney's (upon the filing of an affidavit by counsel) and costs.
SO ORDERED.
Robert L. Holzberg, J.