[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Presently before the court is the third party defendant HRP Associates, Inc.'s motion to strike the first and second counts of the cross claim by the third-party defendants Albert M. Gehrke and Harold C. Gehrke.
The motion to strike count one should be denied because the Gehrkes have alleged facts sufficient to state a claim for indemnification. The motion to strike count two should be granted because the Gehrkes have failed to allege that HRP caused or generated pollution as required for reimbursement under General Statutes § 22a-452.
The plaintiff, Abely's Waste Oil Services, Inc. (Abely), filed a six-count complaint on March 6, 1995, alleging that Abely collected oil from the defendant, Ravenswood Development Corp. (Ravenswood), that was contaminated with polychlorinated byphenyls (PCBs), contrary to Ravenswood's representations about the oil. Abely alleges that it could not dispose of the oil, so the trucks containing the oil were unusable from September 21, 1994, when Abely collected Ravenswood's oil, until November 7, 1994, when Ravenswood arranged for disposal of the oil. Specifically, Abely alleges that Ravenswood was negligent because it knew or should have known that the oil was contaminated (first count), that Ravenswood breached its contract by failing to CT Page 397 notify Abely of the contamination (second count), that Ravenswood engaged in unfair and deceptive trade practices in violation of CUTPA (third count), that Ravenswood breached its warranty that the oil was not combined with hazardous materials (fourth count), that Ravenswood negligently misrepresented that the oil did not contain PCBs (fifth count), and that Abely was unable to use its trucks over approximately two and a half months, which amounted to conversion (sixth count).
On July 15, 1996, Ravenswood filed a third-party complaint against Albert M. Gehrke, Harold C. Gehrke, Sr., and HRP, Inc. (HRP). Ravenswood filed a revised third-party complaint on October 24, 1996 following the death of Harold C. Gehrke, Sr., naming Albert M. Gehrke and Harold C. Gehrke, Jr. (the Gehrkes) as defendants.
Ravenswood's revised seven-count third-party complaint alleges that the Gehrkes are strictly liable to Ravenswood under General Statutes § 22a-134b for cleanup and removal costs because when the Gehrkes sold property to Ravenswood the contaminated waste oil was present. (First count.) The complaint further alleges that the Gehrkes are liable to Ravenswood under General Statutes § 22a-452 because the Gehrkes negligently stored the contaminated oil, failed to disclose that they stored such oil, and Ravenswood removed, disposed of and otherwise mitigated the effects of the contaminated oil. (Second count.) Ravenswood also seeks indemnification from the Gehrkes "for all damages which may be found due from Ravenswood to Abely's." (Third count). Ravenswood further alleges that the Gehrkes committed an unfair trade practice under CUTPA. (Fourth count.) The complaint further alleges that HRP breached its agreement with Ravenswood by failing to identify contamination when it conducted an environmental site assessment (fifth count), that HRP was negligent in performing the site assessment (sixth count), and that HRP is liable to Ravenswood under General Statutes § 22a-452 because Ravenswood mitigated the effect of the contaminated oil (seventh count).
On June 2, 1998, third-party defendants, the Gehrkes, filed a cross claim in a single count against HRP. Subsequently, the Gehrkes filed a revised three-count cross claim, dated July 14, 1998, against HRP and Abely. The Gehrkes allege that, through their negligence and carelessness, HRP and Abely caused the harms that Ravenswood suffered. Specifically, the Gehrkes allege that HRP is liable for indemnification to the Gehrkes because HRP CT Page 398 negligently failed to test all oil on site and to disclose the existence of the contaminated oil. (First count.) The Gehrkes further allege that HRP is liable to the Gehrkes under General Statutes § 22a-452 if the Gehrkes are held responsible for removal costs. (Second count.)[1] In addition, the Gehrkes allege that Abely, rather than the Gehrkes, was negligent and caused any damages Ravenswood might have sustained. (Third count.)
On July 24, 1998, pursuant to Practice Book § 10-39, et seq., HRP moved to strike the first and second counts of the Gehrkes' cross claim, accompanied by a memorandum in support.
On September 9, 1998, the Gehrkes filed a memorandum in opposition to HRP's motion to strike, and on September 15, 1998, HRP filed a reply to the Gehrkes' memorandum of opposition.
The function of a motion to strike "is to test the legal sufficiency of a pleading; it admits all facts well pleaded."Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378. In deciding on a motion to strike, courts "must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Bhinder v. Sun Company, Inc., 246 Conn. 223, 226. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Waters v. Autuori,236 Conn. 820, 825. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215.
 A. Count One
Count one of the Gehrkes' revised cross claim alleges that "[i]f Ravenswood sustained damages as alleged in the Second Count of Ravenswood's complaint, then such damages were caused by the negligence and carelessness of HRP . . ."
HRP moves to strike the first count on the grounds that the Gehrkes may not seek indemnification for liability imposed under a strict liability statute; General Statutes § 22a-452; and that the first count fails to allege that HRP's negligence caused or generated the PCB contaminated oil.
Section 22a-452 is not a strict liability statute. "[T]he legislature intended § 22a-452(a) to be based on culpability CT Page 399 and not merely causation." Connecticut Resources RecoveryAuthority v. Refuse Gardens, Inc., 43 Conn. Sup. 83, 9 CONN. L. RPTR. 77, 90 aff'd, 229 Conn. 455. In that case, the court interpreted a passage of § 22a-452, which provides for reimbursement from a third party in specific circumstances if contamination "resulted from the negligence or other actions of such person, firm or corporation." The court "fail[ed] to see how the use of the term `other actions' . . . could negate the meaning of the word `negligence,' which immediately precedes it. To read the term `other actions' so as to convert § 22a-452(a) into liability without fault would cause us to consider the term `negligence' as either insignificant or unnecessary. This we cannot do." Id. Accordingly, the court concluded that culpability was an element of the statute.
HRP also moves to strike count one of the Gehrkes' cross claim on the ground that it fails to allege that HRP's negligence caused or generated the PCB contaminated oil.
Count one of the Gehrkes' cross claim seeks to hold HRP liable because "[i]f Ravenswood sustained damages as alleged in the Second Count of Ravenswood's third-party complaint, then such damages were caused by the negligence and carelessness of HRP . . ." (Count one, ¶ 11).
Count two of Ravenswood's third-party complaint, which asserts claims against the Gehrkes, incorporates allegations from count one of that complaint, including paragraphs 8 and 9. Paragraph 8 alleges that Abely picked up the waste oil, placed it in its trucks, thereby contaminating the other oil contained in those trucks. Paragraph 9 alleges that it was determined that the waste oil picked up from Ravenswood's property was contaminated with PCB's, and Ravenswood was required to clean up the premises and dispose of the contaminated waste oil.
In addition to referencing the allegations in count two of Ravenswood's third-party complaint, the Gehrkes' cross claim against HRP alleges, in part, that HRP was negligent in testing for contaminants in the waste oil, and failing to disclose the existence of PCB-contaminated oil. (Count one, ¶ 11). The Gehrkes further allege that HRP's negligence, rather than the Gehrkes' negligence, was the direct and immediate cause of Ravenswood's damages; (count one, ¶ 12); that HRP was in control of the environmental site assessment to the exclusion of the Gehrkes; (count one, ¶ 13); and that the Gehrkes did not CT Page 400 know of HRP's negligence, had no reason to anticipate it, and reasonably relied on HRP not to be negligent; (count one, ¶ 14).
The Gehrkes have adequately alleged that HRP's negligence caused contaminated waste oil to be placed into Abely's trucks, and that the Gehrkes have alleged the elements of a common law indemnification claim.[2]
Accordingly, HRP's motion to strike count one of the Gehrkes cross claim is denied.
 B. Count Two
The second count of the Gehrkes' complaint alleges that the Gehrkes could be held responsible for the removal and disposal of the contaminated oil, and, as a result, HRP is liable to the Gehrkes under § 22a-452.
HRP moves to strike the second count of the Gehrkes' revised cross claim on the ground that the Gehrkes have failed to state a cause of action under General Statutes § 22a-452 because they failed to allege that HRP's negligence caused or generated the PCB contaminated oil.
Section 22a-452 provides in pertinent part: "(a) Any person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal, or mitigation, if such oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation."
HRP argues that because the Gehrkes failed to allege "discharge, spillage, uncontrolled loss, seepage or filtration" of the oil by HRP, their cross claim fails to state a claim under § 22a-452. Furthermore, HRP argues, the Gehrkes fail to allege that the pollution "resulted from the negligence or other actions" of HRP. HRP argues that the language of § 22a-452
CT Page 401 precludes the Gehrkes' recovery from HRP because HRP was not the generator of the contaminated oil. In support of its reading of § 22a-452, HRP has attached a copy of Judge McMahon's decision rendered on HRP's previous motion to strike the seventh count of Ravenswood's third-party complaint, which alleged HRP's liability under § 22a-452. Judge McMahon granted the motion to strike count seven.
The Gehrkes argue that HRP may be held liable on an active/passive negligence theory. The Gehrkes further argue that General Statutes § 22a-452 should be broadly construed, and that Judge McMahon's ruling was an erroneous application of the law. The Gehrkes argue that no appellate authority indicates that the reimbursing party must have generated the pollution, only that parties may seek reimbursement from generators of pollution. See Connecticut Resources Recovery Authority v. Refuse Gardens,Inc., supra, 43 Conn. Sup. 83. Further, the Gehrkes argue that they have demonstrated "a causal connection between HRP's actions and the further contamination of the property" because "in the absence of HRP's negligence, this oil would have remained relatively contained in barrels and the premises would not have become further contaminated." (Memorandum of Opposition, p. 12.)
The Refuse Gardens court stated that "[t]he language of §22a-452(a) clearly places the responsibility for noncontainment of hazardous waste on a party where the noncontainment results `from the negligence or other actions of such person, firm, or corporation.' Section 22a-452 appears to address a situation where one owner's property is contaminated by hazardous waste from another owner's property. This section permits the injured property owner to abate the contamination and to seek reimbursement from the generator of the contamination."Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., supra, 43 Conn. Sup. 88.
The Gehrkes do not allege any sort of spillage or leakage from the barrels of contaminated oil. Even if pollution had occurred, however, "some causal connection between [the] defendants' actions and the contamination is necessary before [the] defendants can be found liable under § 22a-452(a)."Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., supra, 43 Conn. Sup. 89, 9 CONN. L. RPTR. 77. "The use of the phrase `resulted from the negligence or other actions of such person, firm or corporation' in § 22a-452(a) can be interpreted to mean only that the legislature intended §22a-452(a) to be based on CT Page 402 culpability and not mere causation." Id., 90. The Gehrkes have failed to allege HRP's culpability as a generator of pollution. Without such an allegation, the second count of the Gehrkes' cross claim against HRP must fail because "§ 22a-452(a), does not impose liability without fault." D'Andrea v. Interstate SteelErectors, Superior Court, judicial district of Hartford/New Britain Housing Session at New Britain, Docket No. 121208, 14 CONN. L. RPTR. 471 (May 18, 1995) (Holzberg, J.), aff'd, 43 Conn. App. 924. See also Warner v. Kedah Corp. , Superior Court, judicial district of Middlesex at Middletown, Docket No. 72964 (September 20, 1995) (Stanley, J.). Therefore, the Gehrkes may not seek statutory indemnification absent an allegation that HRP generated or caused pollution. As Judge McMahon stated in his memorandum of decision, the claimant "fails to sufficiently allege a cause of action pursuant to General Statutes § 22a-452 because it fails to allege that HRP's negligence caused the PCB contaminated used oil, which Ravenswood eventually contained and/or removed."
The Gehrkes further argue that they seek relief from HRP on the basis of other statutory provisions: § 22a-134b and § 42-110, et seq. HRP argues that the Gehrkes have failed to allege any other basis for relief from HRP because in their revised cross claim they deleted references to General Statutes §22a-134b and § 42-110, et seq.
Under the second count of the Gehrkes' cross claim, the Gehrkes seek reimbursement under § 22a-452 only. Therefore, regardless of the underlying cause of action by Ravenswood against the Gehrkes, the second count concerns only HRP's liability to the Gehrkes under § 22-452. The Gehrkes have not alleged facts that would allow them to recover on the basis of § 22a-452 because they have failed to allege noncontainment.
Accordingly, HRP's motion to strike count two of the Gehrkes' cross claim is granted.
Fracasse, J.
*Editor's Note: For other opinions in this matter see 15 CONN. L. RPTR. No. 17, 562 (February 5, 1996) (Hartmere, J.), and 20 CONN. L. RPTR. No. 10, 329 (November 24, 1997) (Silbert, J.).