[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, the present owner of property at Squaw Hollow Road in Ashford and Willington, brings this action against the defendants Benjamin Schilberg and Schilberg Integrated Metals Corp. claiming that they, as lessee (Benjamin) and Metals Corp., under Benjamin's officer ship and influence, caused the contamination of the soil and water at the site by the burning of wire and insulation. As to each of these defendants the plaintiff claims that they are responsible to the plaintiff both under the provisions of General Statutes § 22a-452 and under a common law cause of action in negligence. It is alleged, as against another defendant Thomas Nigro that Nigro was the owner of the site when Benjamin and Metals Corp. operated the site. Nigro, although a party to this action, is not a party to the present motion.
The defendant Benjamin and Metals Corp. move to strike the complaint against them. They claim that under General Statutes § 22a-245 there is no cause of action against a former lessee. They further claim that under the negligence counts there is no cause of action in favor of a subsequent purchaser of the property. This claim is based on the premise that there is no duty running between them, first on the legal concept of forseeability and second on the legal bar provided by the doctrine of Caveat Emptor. This same claim of legal duty and forseeability is directed to the statutory counts.
 I The causes of action under General Statutes § 22a-452
This statute provides that a person who contains or removes or mitigates the effects of this type of pollution shall be entitled to reimbursement from any person if said pollution resulted from the negligence or other actions of that person. The statute also allows a pro rata contribution of each person, each liable to the other for such pro-rata share.
The Supreme Court case of Knight v. F.L. Roberts Co., CT Page 2727241 Conn. 466, 475 (1997) specifically addresses the purpose of this legislation. "The clear purpose of this provision is to encourage parties to pay for remediation by providing them with an opportunity to recoup at least some of their remediation costs from others who are also found to be responsible for the contamination." Knight, supra, p. 475. Of course the first sentence allows full reimbursement if the negligence of the person against whom reimbursement is sought is entirely responsible.
Recovery under this statute requires proof of "negligence or other actions" of the person or persons against whom recovery or pro rata contribution is sought. Connecticut Resources RecoveryAuthority v. Refuse Gardens, Inc., 229 Conn. 455, 457 (1994).
The defendant takes the position that the doctrine of forseeability as to the particular person who may be harmed by a negligent act is critical, for if there is no duty owned there can be no negligence. Hence since the defendant cannot know who will eventually own the property, the defendant cannot foresee harm coming to that person.
Hence no forseeability equals no duty equals no negligence. The defendant overlooks the fact that the harm is to the land. This court cannot accept a proposition that the duty to not pollute occurs only to the benefit of the then land owner, as it may well appear forseeable that the fact of pollution and its cause may well not surface until after the original owner transfers property to a subsequent purchaser. The proposition set forth by the defendant, as to duty owed, is vastly different than that of the most recent case Lodge v. Arret Sales, 246 Conn. 563, 586
(1998) whereby the negligence was determined by the Supreme Court to be beyond the scope of the risk. Here, the specific risk of the pollution from a damages/liability standpoint is that the owner, present or future, is going to be responsible for clean up when the pollution is then discovered, and this is completely foreseeable.
The defendant further argues that the plaintiff's claim is barred by the doctrine of Caveat Emptor. The doctrine of Caveat Emptor has been much diminished in recent years. Since at least 1962 the courts have determined that the doctrine does not apply to conditions which a purchaser cannot be expected to discover upon reasonable inspection, and does not apply to negligent misrepresentation or non-disclosure as concerns defects. See CT Page 2728Masterson v. Atherton, 149 Conn. 302, 306, 307 (1962); Johnson v.Healy, 176 Conn. 97, 102 (1978); Citicorp Mortgage, Inc. v.Burges, 227 Conn. 116, 120, 121 (1993).
The same set of circumstances are applicable to the plaintiff's negligence counts against these defendants. The defendants also claim that the plaintiff's counts against the defendants claiming reckless misconduct must be stricken as the plaintiff cannot establish a duty running from the defendant to the plaintiff. This argument is the same as has been heretofore disposed of as concerns the statutory and the negligence counts.
For the reasons set forth herein the motion to strike is denied.
L. Paul Sullivan