[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action against Benvenuti Oil Company, Inc. and several stockholders alleging that the property it purchased, located at 36 Olive Street, Waterford, Connecticut, from the defendants, Charles A. Mazzella, Deborah A. Mazzella and Michael A. Mazzella, was contaminated by petroleum at soil levels which are prohibited by the Connecticut Department of Environmental Protection (DEP). The action is a declaratory judgment action seeking an order that the defendants pay for remediating the alleged contamination on the property that it purchased. The action is brought pursuant to C.G.S. § 22a-452 and alleges that the defendants caused the pollution through their negligence. The plaintiff claims that the defendants failed to take reasonable steps to prevent fuel oil from contaminating the property. It released fuel oil onto the property. It failed to inspect the property for fuel oil contamination. It should have known that the property was contaminated by fuel oil and failed to remediate the fuel oil contamination. The allegations are directed against Benvenuti Oil Company, Inc. and the three shareholders listed above.
 FACTS
Since the 1950's, the defendants and their predecessors have operated a fuel oil business on the property until 1999. The plaintiff purchased the property from the three individual defendants on February 14, 2000 for the sum of $130,000. On February 15, 1999, Charles Mazzella entered into a lease purchase agreement with Timothy Bonanno, the plaintiff. The lease term was for one year. At the end of the lease term, the property was sold to Bonanno. After taking possession of the property pursuant to the lease, but before purchasing it, Bonanno asked permission to have environmental testing done. Mazzella refused. At the end of the lease term, on February 14, 2000, the property was conveyed to the plaintiff. The property consists of a quarter acre of land with a two-story building on it. The lower level of the unit is a four-bay garage. The upper level is office space. The garage was used by the defendant to garage, maintain CT Page 64 and fuel oil delivery trucks. The two center bays had a concrete slab floor. The two end bays had a dirt and sand floor until 1999 when a concrete slab was created there also. Bonanno testified on behalf of the plaintiff that a visual inspection of the garage showed: (1) that the concrete slab in the center bays was heavily stained with a substance that appeared to be oil; (2) a large wooden work bench located along the rear wall of the garage, where the fuel pump was located, was also heavily stained with oil; and (3) that the dirt and sand floor of the bay on the right side of the garage was similarly stained. Soil and water samples taken from the property by two experts showed petroleum contamination. Also an expert took water samples of the property for analysis. Dr. Cook, who took the water sample, testified that the soil samples from the property showed petroleum contamination which exceeded the state standards. He had also reviewed the soil samples. Specifically, the testing showed that petroleum contamination in (1) the central area inside the garage, and (2) the area in the driveway which had been covered by excavated soil from the bay showed petroleum contamination. In addition, he testified that the water on the property is contaminated by petroleum which exceeds state standards.
Neil Peterson, a geochemist, also testified as an expert in the field in determining the age and type of petroleum products that the property is contaminated by fuel oil having an age of 10-14 years.
 DISCUSSION
The plaintiff is concerned because it is the owner of land contaminated by petroleum at levels in excess of the state's standards. The petroleum also contaminates ground water on the plaintiffs property. The plaintiff, by virtue of its ownership in the property, is potentially liable for petroleum clean up costs under C.G.S. §§ 22a-432, 22a-433
and 22a-451, part of the Connecticut Water Pollution Control Act. The D.E.P. is authorized to issue an order pursuant to C.G.S. § 22a-232
compelling the plaintiff to remediate the soil and ground water contamination at the plaintiffs expense. If the plaintiff fails to remediate, the D.E.P. is authorized under § 22a-451 (b) to clean up the contamination and hold the plaintiff liable for costs.
Even if the plaintiff established that it is an innocent land owner, and did not cause the pollution, under C.G.S. § 22a-452e, the property of the plaintiff will be subject to a lien in favor of the state under § 22a-452a under which the state is entitled to foreclose on the property pursuant to C.G.S. § 22a-452a (e) to recover the clean up costs. The plaintiff asserts that he is entitled to voluntarily clean up the property pursuant to C.G.S § 22a-133x and recover its cost from CT Page 65 the defendant. Where a property owner remediates contamination caused by another, he is entitled to reimbursement of his costs from the actual polluter, pursuant to the statute. "Any person, firm, corporation, or municipality which contains or removes or otherwise mitigates the affects of oil or petroleum . . . resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance . . . shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal, or mitigation, if such oil or petroleum . . . resulted from the negligence or otheractions of such person, firm or corporation." C.G.S. § 22a-452.
In its revised complaint, the plaintiff has alleged that the defendants were negligent in the following ways: (1) in failing to take reasonable steps to prevent fuel oil from contaminating the property; (2) in releasing fuel oil onto the property; (3) in failing to inspect the property for oil contamination; and (4) in failing to remediate fuel oil contamination which it knew or should have know existed on the property. The defendant has denied these allegations. The plaintiff claims that it has submitted sufficient evidence to have proven that the defendant was negligent and thereby caused the pollution to the property.
The plaintiff presented evidence that the defendant used the garage to fuel delivery trucks with a pump and rubber hose apparatus attached to an underground storage tank. The concrete slab in the center of the garage poured some time before the slabs in the outer bays, covered contaminated soil. The soil sample taken from beneath the central slab revealed that petroleum contamination of five times the limit permitted under the state's remediation standards, and the petroleum was dated at ten to fourteen years old by one of the plaintiffs experts including that a spill or spills had occurred sometime around 1987 to 1991 when the defendants were in possession of the garage. Scientific evidence established that the spill or spills occurred during the defendant's occupancy of the property. Such findings are consistent with Bonanno's testimony that the workbench along the rear wall of the garage and the concrete slab in the central bays of the garage were stained with oil. The defendant denied that there were any oil spills at all on the property. The plaintiff claims that the defendant was negligent in two ways: First, it failed to prevent the spill or spills; and second, it failed to clean up the spill or spills before the ground water was contaminated. The defendant claims that he never saw any spills in the garage. The court finds his testimony entirely not credible.
The defendant claims that the plaintiff did not offer any evidence that the defendants were negligent or were aware of the alleged contamination. The court finds this testimony not at all credible in view CT Page 66 of the testimony of the plaintiff its experts and photographs of the areas. Accordingly, the court does find that the defendant was negligent and that as a result of that negligence, the soil and the water in the area were polluted.
The court, therefore, finds that the defendants were culpable under § 22a-452 because the plaintiff has alleged and proven facts to support this element of his claim. The defendant has also claimed that since the plaintiff had actual notice of the alleged contamination prior to the closing on the property, the doctrine of caveat emptor should apply and the plaintiffs request for declaratory judgment should be denied. Connecticut Resource Recovery Authority v. Refuse Gardens, Inc.,229 Conn. 455, 456-58 (1994). The court has reviewed the case and finds that it states that the commissioner of environmental protection is permitted to recover the costs of environmental restoration from "any person, firm or corporations which directly or indirectly causes pollution and contamination of any land or waters of the state . . ." Without clear statutory guidance, "we cannot presume that the legislature intended to impose strict liability on former land owners. Even the imposition of liability for negligence on former land owners is a substantial deviation from the common law rule of caveat emptor. The common law rule continues to have vitality even though it has given a way to liability for negligence in special cases . . ." At page 458, "the trial court concluded that the legislature intended § 22a-452 (a) to require a showing of culpability and not merely causation. Because the plaintiff had not alleged such culpability on the part of the defendants, the court denied the plaintiffs application for a prejudgment remedy." Connecticut Resources Recovery Authority v. Refuse Gardens, Inc., 43 Conn. Sup. 83
(1994).
A review of the above case shows that its holding is not inconsistent with this court's finding that the defendant was negligent and culpable and as a result of that caused the pollution. Accordingly, the court does not find that plaintiffs knowledge prior to purchasing bars this action. It certainly was an option that he could chose not to purchase the property. However, that does not say that he should to be barred from this declaratory action because he went ahead with the purchase. Having proven that the defendant was negligent and his negligence caused the pollution, caveat emptor does not bar this declaratory action.
The defendant filed several special defenses, however since he did not pursue them in his brief, the court deems them abandoned and will not discuss the special defenses.
Accordingly, the court makes a determination that the defendant, CT Page 67 through its negligence, caused the property now owned by the plaintiff to become contaminated with petroleum.
 ___________________ D. Michael Hurley, JTR
CT Page 68